E. J. ATKINSON, Respondent, v. J. SAM BROWN *et al.*, Appellants.

Kansas City Court of Appeals, February 1, 1897.

1. **Trespass:** ACTUAL AND CONSTRUCTIVE POSSESSION: INSTRUCTION. Instructions relating to actual and constructive possession of real estate sufficient to maintain trespass set out in the opinion, are *held* proper.

2. **Appellate Practice:** EVIDENCE: INSTRUCTIONS: PRESUMPTION. Where certain deeds are shown to have been offered in evidence and the court's instructions are based on the contents thereof, the appellate court will presume that the instruments were read in evidence or the instructions would not have been given.

3. **Instructions:** LAW: HARMLESS ERROR. Although instructions improperly intrust the jury with the finding of both law and fact, still, if the jury find the law correctly, no harm results and the error is not reversible.

4. **Appellate Practice:** CONFLICTING EVIDENCE: INSTRUCTIONS. Where upon conflicting testimony the issues of fact are fairly submitted to and passed upon by the jury, the appellate court will not reverse.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Horace H. Blanton* for appellants.

(1) The court should have sustained defendant's demurrer to the evidence at the close of plaintiff's case; there was not a scintilla of evidence tending to prove that plaintiff was in possession of the premises, either

actual or constructive, at the time of the alleged trespass. *Hampton v. Massey*, 53 Mo. App. 502; *Lumber & Milling Co. v. Zeitenger*, 45 Mo. App. 116; *Brown v. Hartzell*, 87 Mo. 568; *Lindenbower v. Bentley*, 86 Mo. 519; *Moore v. Perry*, 61 Mo. 174; *Zeitinger v. Hackworth*, 117 Mo. 506; *Hammontree v. Huber*, 39 Mo. App. 329; *Deland v. Vanstone*, 26 Mo. App. 299. (2) There was not a particle of testimony to prove that plaintiff was in the actual or constructive possession of the premises at the time of the alleged trespass, and instructions numbers 1, 2, 3 and 4, discussing and defining actual and constructive possession, should not have been given, for the reason that there was no testimony upon which to base them. *Boles v. Lewis*, 58 Mo. App. 653; *Jones, Edwards & Co. v. Grossman*, 59 Mo. App. 198; *Bank v. Towson*, 64 Mo. App. 100; *Mfg. Co. v. Ball*, 43 Mo. App. 510; *Sparks v. Brown*, 46 Mo. App. 538; *Sherrell v. Murray*, 49 Mo. App. 236; *Culberson v. Railroad*, 50 Mo. App. 559; *Wilkerson v. Eilers*, 114 Mo. 253; *Jennings v. Zerr & Jennings*, 48 Mo. App. 530. (3) Instruction number 8, prayed by defendants, should have been given, as there was no testimony to show that plaintiff was in possession of the premises at the time of the alleged trespass. See authorities cited under 1. The court having excluded plaintiff's deeds offered for the purpose of showing title to premises, there was no evidence of constructive possession; therefore instruction number 9 prayed by defendants, and refused by the court, should have been given. See authorities under 1 and 2.

*S. A. Wight* and *Jno. T. Harding* for respondents.

(1) The court committed no error in giving instructions numbers 1, 2 and 4. There was an abundance of evidence to support a verdict that plaintiff had

the legal title and took possession and was in posses-
sion of the premises some thirty days prior to the com-
mission of the trespass by defendants. (2) Instruc-
tion number 3 was properly given. 1 Washburn on
Real Property [2 Ed.], sec. 43, p. 585; 1 Jones on
Mortgages, secs. 428 to 439, p. 336; *Carter v. Abshire*,
48 Mo. 300; *Lampkin v. Nye*, 43 Miss. 241; *Fletcher v.
Thompson*, 55 N. H. 308; *Luce v. Shaff*, 75 Ind. 152.
What if the deeds had been excluded as claimed? An
appellant is estopped from complaining of errors into
which he himself has led the trial court. If appellant's
counsel objected to the introduction of the deeds be-
cause they were immaterial and irrelevant he can not
here complain by saying they were material and rele-
vant and ask that the cause be reversed by reason of
the trial court sustaining his own objections. *Lee v.
Hassett*, 39 Mo. App. 67; *Garst v. Good*, 50 Mo. App.
149; *White v. Mfg. Co.*, 53 Mo. App. 337; *Bank v.
Armstrong*, 92 Mo. 265.

SMITH, P. J.—This is an action of trespass. There
was a trial and judgment for the plaintiff and de-
fendants appeal.

The defendants first object that the trial court
erred in denying the demurrer interposed by them at
the close of the plaintiff's evidence. An examination
of the plaintiff's evidence has convinced us that it was
sufficient to carry the case to the jury.

The defendant further objects that the court erred
in its action instructing the jury at the in-
TRESPASS: actual
and constructive stance of the plaintiff, to the effect that
possession: in-
struction. actual possession of land means actual oc-
cupancy, custody, or control, and the owner
of land may have such actual possession through a
tenant; and that constructive possession means when
the land is in the actual occupancy and custody of

no one, but rightfully belongs to someone, the title of said land draws with it the constructive possession. Therefore if you find from the evidence that the plaintiff had the title to said land, described in plaintiff's petition after the first day of April, 1893, when he became the purchaser of the same under the foreclosure of the deed of trust given by Osborne to Rickett and that no one was in possession of said land at that time or at the time the trespass was committed, if you believe it was committed, then you will find that plaintiff's title carried with it the constructive possession of said land; and further if the jury believed from the evidence that the defendants took and carried away the lumber from the land described in the petition which had been used in a building and fence in said land, and which building and fence the defendants had caused to be torn down, and that such lumber was taken by defendants while plaintiff was in either the actual or constructive possession of said land, they should find for plaintiff the value of said lumber so taken. The court gave an instruction for plaintiff on its own motion which enunciated substantially the same rule of law as those given at the in-

*APPELLATE prac-
tice: evidence:
instructions: pre-
sumption.* stance of the plaintiff. The defendants object that there was no evidence adduced to warrant the giving of said instructions, since the deed of trust and the trustees deed under which plaintiff claimed title, were not admitted in evidence. Turning to the bill of exceptions and we find that these two instruments were offered in evidence by plaintiff in connection with his testimony, but that on the objection of the defendants, the same were by the court not then admitted. But it appears that later on during the trial plaintiff again offered said instruments and that no objection was then made thereto. From this we think we are authorized to deduce the inference

that the said instruments were read in evidence. It is not to be presumed, had this not been so, that the court would have given the said instructions for plaintiff already referred to.

It appears from the evidence that one Osborne executed two deeds of trust on the real estate described in plaintiff's petition to secure his indebtedness. That one was executed in February, 1890, and the other in January, 1891. The fore-closure sale of the latter was first made, at which defendants became the purchasers and went into possession and so continued until after the fore-closure sale under the former, at which the plaintiff purchased. The plaintiff and the defendants claimed through a common source of title. The deeds all seem to be regular. The trustee's deed to plaintiff had the effect to pass the title to the plaintiff as against the defendants.

INSTRUCTIONS: law: harmless error.

The instructions of the plaintiff were in the main correct expressions of the law, except in so far as the same left it to the jury to find from the evidence whether plaintiff had the title to the land. Whether the deed of trust and trustee's deed to plaintiff did or did not pass the title to plaintiff was a question for the court and not for the jury. But this error affords no ground for reversing the judgment. Although the jury was improperly intrusted with the finding of both law and fact, still, as it found the law to be as the court should have declared it, no harm resulted to the defendants from this. Besides this, the defendant does not question the instruction on any such ground.

It seems to us that there was ample evidence to justify the action of the court in instructing the jury as to actual and constructive possession. There was some evidence introduced which tended to prove that part of the lumber was carried away by defendants after the

<div style="float:left">APPELLATE practice: conflicting evidence: instructions.</div>

plaintiff's purchase of the land, and between the date when the defendants quit and that on which plaintiff took actual possession. And so, too, there was some slight evidence tending to prove that a part of the lumber was removed after the plaintiff took actual possession. The issues of fact were all fairly submitted to and passed upon by the jury under instructions, which were in the main correct; and with the verdict we see no just grounds to find fault.

The judgment will be affirmed. All concur.